IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GARRETT CONSTRUCTION CO. § | |
| § | |
| v. § | |
| § | C.A. NO. C-05-281 |
| DAVID J. KNOWLES § | |
| and LARRY P. FITCH § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this action, a vessel owner seeks a declaratory judgment to foreclose any rights that a lienholder may have on the vessel. Pending is plaintiff's motion for summary judgment. (D.E. 1). In this motion, plaintiff, Garrett Construction Company, seeks judgment on its claim for declaratory judgment that lien claims filed by defendants, David Knowles and Larry Fitch, against the vessel M/V ARLEEN GARRETT are barred by laches. (D.E. 17 at 1). Defendants request that plaintiff's motion be denied and the matter proceed to trial. (D.E. 23 at 6). Because there is a genuine issue of material fact with respect to whether plaintiff had notice of defendants' maritime liens against the vessel prior to plaintiff's purchase of the vessel, and to whether the underlying liens are valid, this Court must deny plaintiff's motion.

**I. JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 2201.

**II. PROCEDURAL BACKGROUND**

Plaintiff filed its complaint for declaratory judgment on June 3, 2005. (D.E. 1). It seeks a declaratory judgment that defendants' lien claims are barred by laches. On August 2, 2005, defendants filed their original answer and counter-claim in which they now seek to foreclose on

their liens. (D.E. 7).[1] They deny that plaintiff is entitled to declaratory judgment, and seek to foreclose their liens against plaintiff's vessel. Id. at 2.

On August 25, 2005, United States District Judge Janis Graham Jack entered a order referring the case to the undersigned magistrate judge to conduct all further proceedings based on the parties' consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636. (D.E. 11). The parties were referred to mediation on August 26, 2005. (D.E. 12). On August 30, 2005, a scheduling order was issued that required all dispositive motions to be filed by December 1, 2005. (D.E. 15).

On December 1, 2005, plaintiff filed this motion for summary judgment, and its answer to defendants' counter-claim. (D.E. 17 & 18). Defendants filed their response to plaintiff's motion on January 13, 2006. (D.E. 23). They argue that plaintiff is not entitled to the equitable doctrine of laches to prevent the enforcement of their liens against the M/V ARLEEN GARRETT. Id.

### III.  FACTUAL BACKGROUND

It is undisputed that plaintiff is the current owner of the M/V ARLEEN GARRETT, which it purchased in February 1998. (See D.E. 1 at ¶¶ 2-3 & D.E. 7 at ¶¶ II-III). It is further undisputed that defendants filed liens against plaintiff's vessel after the purchase by plaintiff. (See D.E. 1 at ¶¶ 4-6 & D.E. 7 at ¶¶ IV-V). Additionally, both parties agree that defendants did not move to

---

[1] The parties do not specifically address defendants' counterclaim. It is unclear whether a counterclaim by lienholders against the company that owns the vessel, which has the lien attached to it. Such an action would be in personam, whereas maritime liens are in rem proceedings against the vessel itself. See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 556-57 (5th Cir. 2003) ("The lien is against the vessel and only indirectly connected with the owner."); Sasportes v. M/V Sol De Copacabana, 581 F.2d 1204, 1209 (5th Cir. 1978) ("The Federal Maritime Lien Act explicitly instructs us to presume that those who furnish repairs, supplies, and other necessaries looked to the credit of the vessel itself and not just to the owner, and in this circuit the presumption is very strong.") (citations omitted).

foreclose their liens against plaintiff's vessel prior to the filing of this lawsuit.  (See D.E. 1 at ¶ 5 & D.E. 7 at ¶ V).

The parties, however, disagree as to whether plaintiff had notice of defendants' claims against the M/V ARLEEN GARRETT prior to its purchase of the vessel.  (See D.E. 1 at ¶¶ 3-4; D.E. 7 at ¶¶ III-IV; D.E. 17 at ¶ 3; D.E. 23 at ¶ 1).  In addition, the parties disagree as to whether defendants' liens are valid maritime liens.  (See D.E. 17 at ¶ 8; D.E. 23 at ¶ 7).[2]

## IV.  DISCUSSION

**A.     Summary Judgment Standard.**

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c).  Summary judgment is granted where there is no disputed issue of material fact and one party is entitled to judgment as a matter of law.  Id.

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

---

[2] The factual record is thin as to the exact nature of the liens.

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

**B.     Maritime Liens.**

Plaintiff requests that the Court enter a declaratory judgment that defendants' liens are barred by laches.  A federal court may declare the rights of an interested party in its legal relationships with other interested parties that has the "force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C. § 2201(a).  Defendants recorded maritime liens against plaintiff's vessel prior to the filing of this civil action, but have never taken steps to enforce their liens.  Consequently, plaintiff maintains that its property interest in the vessel has been clouded by the looming possibility of foreclosure by defendants.

Pursuant to the United States Commercial Instruments and Maritime Lien Act, "[a] person providing necessaries to a vessel on the order of the owner or a person authorized by the owner-- (1) has a maritime lien on the vessel; (2) may bring a civil action in rem to enforce the lien; and (3) is not required to allege or prove in the action that credit was given to the vessel."  46 U.S.C. § 31342(a); accord Crescent City Marine, Inc. v. M/V NUNKI, 20 F.3d 665, 667 (5th Cir. 1994).  The provision of necessaries includes "repairs, supplies, towage, and the use of a dry dock or

marine railway." 46 U.S.C. § 31301(4); see also Racal Survey U.S.A., Inc. v. M/V COUNT FLEET, 231 F.3d 183, 188 (5th Cir. 2000). A person claiming a maritime lien on a documented vessel may record the lien with the Secretary of Transportation. 46 U.S.C. § 31343(a).

**C.  Equitable Doctrine Of Laches.**

Laches is an equitable defense, which is controlled by equitable considerations. Shaffer v. Rector Well Equip. Co., 155 F.2d 344, 345 (5th Cir. 1946). Consequently, "the lapse of time must be so great, and the relations of the defendant to the rights such, that it would be inequitable to permit the plaintiff to assert them now." Id. Furthermore, "whether a lien is barred by laches 'is a question primarily addressed to the discretion of the trial court.'" Sasportes, 581 F.2d at 1210 n.10 (quoting Gardner v. Panama R.R., 342 U.S. 29, 30 (1951)). Therefore, whether laches is a viable defense "is a question of fact to be decided by the court after weighing the equities as they appear from the facts of each case." Esso Int'l, Inc. v. SS Captain John, 443 F.2d 1144, 1150 (5th Cir. 1971)

The Fifth Circuit has established that "[l]aches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense." Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861, 865-66 (5th Cir. 1958) (emphasis added); accord Sasportes, 581 F.2d at 1210 n.10; Esso Int'l, 443 F.2d at 1150; see also West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co., 834 F.2d 1232, 1234 (5th Cir. 1988) ("The party who pleads laches as a defense must show not only unreasonable delay but also resultant undue prejudice."). The prejudice standard is based on the fact that laches is "'designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have

disappeared.'" National Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 707, 710 (5th Cir. 1994) (quoting Order of R.R. Telegraphers v. Ry. Express Agency, Inc., 321 U.S. 342, 348-49 (1944)).

**D.     Analysis Of Plaintiff's Claim For Laches.**

Plaintiff asserts that even if defendants have valid claims for necessaries against its vessel that enforcement of the liens is be barred by laches.[3] It argues that a lienholder of "an unrecorded lien must exert a 'high degree of diligence' to preserve the lien." (D.E. 17 at ¶ 8) (quoting Tagaropulos, S.A. v. S.S. Santa Paula, 502 F.2d 1171, 1172 (9th Cir. 1974) ("The standard of diligence required by the holder of an unrecorded lien against a bona fide purchase of a vessel is a 'high degree of diligence'"). The principle that plaintiff asserts is based on a well-established principle. The Supreme Court declared "[t]hat where the lien is to be enforced to the detriment of a purchaser for value, without notice of the lien, the defence [sic] [of laches] will be held valid under shorter time, and a more rigid scrutiny of the circumstances of the delay, than when the claimant is the owner at the time the lien accrued." The Key City, 81 U.S. 659, 660 (1871); see also Bermuda Express, N.V. v. M/V LITSA, 872 F.2d 554, 558 (3d Cir. 1989); Ryan-Walsh, Inc. v. M/V OCEAN TRADER, 930 F. Supp. 210, 213 (D. Md. 1996); The Salvator, 35 F. Supp. 558, 560 (D. Mass. 1940).

As the Supreme Court has explained regarding laches: "no arbitrary or fixed period of time has been, or will be, established as an inflexible rule, but that the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case." The Key City, 81 U.S. at 660; accord Pure Oil Co. v. Snipes, 293 F.2d 60, 69 (5th Cir. 1970). Nonetheless,

---

[3] Plaintiff does not concede that defendants' liens are valid, but assumes they are for purposes of its motion. (See D.E. 17 at ¶ 8).

plaintiff provides no additional analysis beyond its assertion that defendants have waited too long to assert any claims for their maritime liens. Such a position without the support of caselaw is unavailing. See Johnson v. Crown Enters., Inc., 398 F.3d 339, 344 (5th Cir. 2005).

Instead, plaintiff maintains that "[t]he claims, now asserted, have caused prejudice to Plaintiff because they serve as an encumbrance on the vessel's title." (D.E. 17 at ¶ 7). Of course, the prejudice that plaintiff posits is precisely how a maritime lien is supposed to operate: "The purpose of maritime liens is 'to enable a vessel to obtain supplies or repairs necessary to her continued operation by giving a temporary underlying pledge of the vessel which will hold until payment can be made or more formal security given.'" Lake Charles Stevedores, Inc. v. Professor Vladimir Popov MV, 199 F.3d 220, 223 (5th Cir. 1999) (citations omitted); see also Silver Star Enters., Inc. v. SARAMACCA MV, 82 F.3d 666, 668 (5th Cir. 1996) (citations omitted). In other words, the encumbrance is supposed to attach to the vessel, or the lienholder would have no manner in which to ensure payment for goods or services rendered. That encumbrance in and of itself cannot be sufficient prejudice because, by definition, it would apply to any maritime lien. See Esso Int'l, 443 F.2d at 1050; Point Landing, 261 F.2d at 865.

Defendants argue that plaintiff is not entitled to laches as a defense against enforcement of their liens because they informed plaintiff's representatives of their claims prior to its purchase of the M/V ARLEEN GARRETT. (D.E. 23, Ex. A, at 1). Defendant David Knowles has sworn in his affidavit to details of his conversation with plaintiff's representatives. Id. Specifically, he asserts:

> Prior to the date that Garret [sic] Construction bought the boat, Mr. Garret [sic] came to Louisiana to the shipyard where the boat was berthed.... We saw Mr. Garret [sic] and a surveyor named Mark McAllister looking at the boat.... At the time it was owned by a man named Bill Smith. We had dealt with Mr. Smith in providing the

>   services and other things for the boat which later lead to the filing of
>   the liens.... I spoke to both of them, in Larry's presence, about the
>   boat and in particular about the work we had done and how much
>   we were owed for what we had provided to the vessel. They were
>   both aware that we were owed money from the work we had done
>   and things we had provided to the boat.... Since [Mr. Garrett] is the
>   President of the company and since we believe he was then, there is
>   no doubt that Garret [sic] Construction knew that we were in the
>   position we were and that we would or at least that we could file a
>   lien on the boat. We even warned them expressly about our
>   situation and that if we did not get paid we would have to file liens.
>   They definitely knew about the debts and the potential liens before
>   they bought the boat.... We filed the liens after we found out about
>   the sale to protect ourselves since Bill Smith did not pay us out of
>   what he got for selling the boat.

(D.E. 23, Ex. A, at 1-2). On the other hand, plaintiff has provided an affidavit from Jon Garrett that states plaintiff "had no knowledge of any lien claims, recorded or unrecorded, by Mr. Larry P. Fitch or Mr. David J. Knowles." (D.E. 17, Ex. A).

Assuming for purposes of this motion that Mr. Knowles' testimony is true, then plaintiff had notice of defendants' claim and the opportunity to investigate the claim prior to its purchase of the vessel. See West Wind Africa Line, 834 F.2d at 1235. If plaintiff did have notice of defendants' claims, then it would be difficult for plaintiff to assert laches as a defense, because laches requires a showing that defendants' delay in recording their liens disadvantaged plaintiff from "asserting and establishing" its rights over the vessel. See Point Landing, 261 F.2d at 865.[4]

Laches requires a factual inquiry into the effect of defendants' delay and the resulting prejudice to plaintiff. Even if plaintiff did not have notice of defendants' claim prior to purchasing the M/V ARLEEN GARRETT, the mere passage of time does not equate to undue delay. Laches is

---

[4] Plaintiff alludes to the fact that defendants admit they filed the liens after plaintiff purchased the vessel, but does not really address whether this fact constitutes a bar to defendants' claim. Moreover, plaintiff provides no caselaw or other support regarding this issue. Therefore, it was not considered in this decision.

much more than counting the amount of time that has passed since defendants' claim was created until they attempted to enforce their claims.

A finding of laches on summary judgment where, as here, the parties contest key facts is inappropriate. The Court declines to exercise its discretion and find that defendants' claims are barred by laches.

## V.  CONCLUSION

Based on the foregoing discussion, this Court finds that plaintiff's motion for summary judgment, (D.E. 17) is DENIED.

ORDERED this 31st day of January 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE